UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

UNITED STATES OF AMERICA,

Plaintiff,

vs.

ROBERT RAYMOND MORSE,

Defendant.

Case No. 2:26-cr-00039-AKB

**PRELIMINARY ORDER OF FORFEITURE, FINAL AS TO DEFENDANT**[1]

This matter comes before the Court on the United States' Motion for Preliminary Order of Forfeiture, Final as to Defendant. Dkt. No. 40.

The Court finds that the motion and the record establish: (a) the requisite nexus between the property subject to forfeiture and the offense, as required by Federal Rule of Criminal Procedure 32.2, and (b) a sufficient factual and legal basis for forfeiture to include, but not be limited to, the following Subject Property and any Substitute Assets.

**Subject Property:**

1. A black and white firearm having a barrel of less than 16 inches in length and a vertical foregrip;
2. A white and red handgun with an optic and light, and no serial number;
3. A black handgun with no serial number;
4. A black handgun with a blue barrel and no serial number;

[1] A Preliminary Order of Forfeiture is final as to the Defendant at sentencing. Fed. R. Crim. P. 32.2(b)(4).

5. A black and white rifle with optic;
6. A cylindrical firearm silencer measuring approximately 5 and 1/8 inches in overall length and wrapped with a black adhesive tape;
7. A .22 LR caliber pistol measuring approximately 5 inches in overall length and incorporating a smooth bore barrel;
8. Assorted ammunition and magazines;
9. Assorted firearm accessories and components, including numerous lower and upper receivers, barrels, a trigger mechanism, a gun jig, and other components.

**Nexus and Factual Basis for Forfeiture**

The Defendant pleaded guilty to Count Two of the Superseding Indictment, a violation of 26 U.S.C. §§ 5841, 5861(d), and 5871. Dkt. Nos. 32 and 36. Defendant admitted possessing the Subject Property and that a sufficient factual basis exists to justify forfeiture of the Subject Property. Dkt. No. 32.

**Statutory Authority**

The Court's forfeiture authority originates from 26 U.S.C. § 5872, which provides for the seizure and forfeiture of any firearm or ammunition used violation of 26 U.S.C. § 5861. In addition, under 18 U.S.C. § 924(d)(1), any firearm or ammunition involved in or used in "any violation of any other criminal law of the United States" shall be subject to forfeiture. *See also* 28 U.S.C. § 2461(c) (stating that if civil forfeiture is allowed then criminal forfeiture is allowed too).

**Seizure**

The United States Attorney General (or a designee) is authorized to seize the Subject Property in accordance with Criminal Rule 32.2(b)(3).

**Discovery**

The United States is further authorized, pursuant to Criminal Rule 32.2(b)(3) and 32.2(c)(1)(B), to conduct any discovery, including depositions and interrogatories intended to: (a) identify, locate or dispose of the property ordered forfeited herein, any property traceable thereto, or any property that may be forfeited as substitute assets; or (b) expedite ancillary proceedings related to any third-party interests claimed pursuant to 21 U.S.C. § 853(n).

**Third-Party Procedures**

The United States Attorney General (or a designee) is hereby authorized to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Order.

If the United States seeks a Final Order of Forfeiture, it shall provide the required notice, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and 21 U.S.C. § 853(n).

The United States may publish on an official government internet site (www.forfeiture.gov) for at least thirty (30) consecutive days, pursuant to Supplemental Rule G(4)(a)(iv)(C). The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property, other than the above-named defendant(s), pursuant to Supplemental Rule G(4)(b) and 21 U.S.C. § 853(n)(1).

Any person asserting a legal interest in the Subject Property, or other forfeited property, must file a claim with the Court within the applicable deadlines. Otherwise, the claim will be waived and lost. Supplemental Rule G contains specific deadlines, but typically the deadline to file a claim is no later than sixty days after first publication or thirty days after receipt of notice,

whichever is earlier. Any claim must be signed under the penalty of perjury and must meet the statutory and Rule requirements, including those in § 853(n) and Supplemental Rule G(5).

The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests. If no third party files a timely claim, this Preliminary Order of Forfeiture becomes final as to third parties, pursuant to Criminal Rule 32.2(c)(2).

**Final as to Defendant**

The Preliminary Order of Forfeiture terminates a defendant's rights. Thus, a defendant may not participate in the ancillary proceeding. This Preliminary Order of Forfeiture is part of the sentence and shall be included in the judgment. *See* Criminal Rule 32.2(b)(4).

This Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Criminal Rule 32.2(e).

DATED: August 12, 2026

Amanda K. Brailsford
U.S. District Court Judge